IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHART TRADING DEVELOPMENT, LLC,** § | Case No. 6:15-cv-1136 |
| § | |
| **Plaintiff,** § | |
| v. § | |
| § | |
| **TRADESTATION GROUP, INC.,** § | |
| **TRADESTATION SECURITIES, INC. and** § | |
| **TRADESTATION TECHNOLOGIES, INC.,** § | |
| § | |
| **Defendants.** § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chart Trading Development, LLC ("CTD") files this complaint against defendants TradeStation Group, Inc., TradeStation Securities, Inc., and TradeStation Technologies, Inc. (collectively, "TradeStation" or "Defendants") alleging, based on its own knowledge as to itself and based on information and belief as to all other matters, as follows:

## PARTIES

1. CTD is a Texas limited liability company with a principal place of business at 100 E. Ferguson, Suite 609, Tyler, Texas 75702.

2. On information and belief, TradeStation Group, Inc. is a Florida corporation with a principal place of business at 8050 SW 10th Street, Suite 2000, Plantation, Florida 33324, and offices at 1820 N. Glenville Drive, Suite 100, Richardson, Texas 75081-1960, and 400 International Pkwy, Richardson, Texas 75081-2853. On information and belief, TradeStation Group, Inc. can be served in Texas via its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

1

3. On information and belief, TradeStation Securities, Inc., a subsidiary of TradeStation Group Inc., is a Florida corporation with a principal place of business at 8050 SW 10th Street, Suite 2000, Plantation, Florida 33324, and offices at 350 N. St. Paul Street, Dallas, Texas 75201-4240, and 400 International Pkwy, Richardson, Texas 75081-2853. On information and belief, TradeStation Securities, Inc. can be served in Texas via its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

4. On information and belief, TradeStation Technologies, Inc., a subsidiary of TradeStation Group Inc., is a Florida corporation with a principal place of business at 8050 SW 10th Street, Suite 4000, Fort Lauderdale, Florida 33324 and/or 8050 SW 10th Street, Suite 2000, Plantation, Florida 33324, and offices at 350 N. St. Paul Street, Dallas, Texas 75201-4240; 2600 N. Central Expressway, Suite 900, Richardson, Texas 75080-2065; and 1820 N. Glenville Drive, Suite 100, Richardson, Texas 75081-1960. On information and belief, TradeStation Technologies, Inc. can be served in Texas via its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this district and have committed, by themselves or in concert with others, acts of patent infringement in this district.

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii)

regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas in this district.

8. On information and belief, TradeStation has operated and continues to operate a website (www.tradestation.com) that is accessible to residents of the state of Texas, including in this district, through which TradeStation advertises and makes available for sale certain services and electronic trading platforms, including the TradeStation 9.5 Platform, that are herein accused of infringement. (*See* https://www.tradestation.com/trading-technology/tradestation-platform).

9. On information and belief, TradeStation has held live training education events in the state of Texas, like the OptionsANIMAL Trading Methodology event in Dallas, Texas on October 8, 2015, through which TradeStation advertises, demonstrates, and makes available for sale certain services and electronic trading platforms, including the TradeStation 9.5 Platform, that are herein accused of infringement. (*See* https://web.archive.org/web/20150911021330/http://www.tradestation.com/education/events/in-person#4).

## COUNT I

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,380,611

10. On February 19, 2013, U.S. Patent No. 8,380,611 ("the '611 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Graphical Order Entry User Interface for Trading System." Ex. 1.

11. CTD is the owner of the '611 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '611 patent against infringers, and to collect damages for all relevant times.

12.     Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, the TradeStation 9.5 Platform) that infringe one or more claims of the '611 patent. Specifically, Defendants' accused products and/or systems have certain features, such as "Chart Trading," that allow a user to execute trades directly from a graph containing a curve corresponding to a range of values of a financial instrument.

13.     TradeStation touts that "[s]erious traders choose TradeStation for its award-winning charting tools, depth of features and flexibility that helps traders adapt their analysis to ever-changing markets." (https://www.tradestation.com/trading-technology/tradestation-platform/~/link.aspx?_id=D9F453F2A7874B5CAE2C03F75A9B3E4C&_z=z).

14.     TradeStation touts that "TradeStation's new Chart Trading feature allows discretionary traders to intuitively place and edit orders directly on a chart in real time." (https://www.tradestation.com/trading-technology/tradestation-platform/execute/chart-trading). According to TradeStation, its Chart Trading feature allows traders to "[p]lace single- and multi-leg orders with a simple mouse click," "[e]asily move orders to new price levels by dragging the order line," "[e]dit orders with a right-click," "[v]iew position details and easily close or reverse a position," and "[p]lace commonly used orders - including hit/take, market, OCO, and trailing stops - with a button click." *Id.*

15.     TradeStation touts Chart Trading, in that "[i]f you really need to make a trade right away, you can trade straight from a chart. Just click on the chart, and you're placing an order. It's [got to] make you feel pretty powerful." (https://www.tradestation.com/trading-technology/tradestation-platform/execute/~/link.aspx?_id=3808DDFF243641E5BCC580FEF4AA44F0&_z=z).

16.     TradeStation has also touted the TradeStation Web Trading app, which, according to TradeStation, allows traders to "Place Order with Ease through Chart Trading." (https://www.tradestation.com/trading-technology/tradestation-webtrading). According to TradeStation, Chart Trading provides "fast, customizable and rich charting and technical analysis capabilities, including many of the features most valued by active traders." *Id* TradeStation further touts that traders can "[q]uickly submit orders from charts enabled for trading" and "[d]rag and drop open orders to respond to market movement with a single click." *Id.*

17.     Defendants have directly infringed and are continuing to directly infringe at least claims 1 and 12 of the '611 patent.

## COUNT II

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,380,611

18.     Defendants have indirectly infringed the '611 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '611 patent consists of their end-user customers' use of the TradeStation 9.5 Platform.

19.     Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '611 patent. Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trading feature and how to execute trades directly from a chart; and (2) touting and advertising this feature to their customers.

20.     Defendants have contributed to and are continuing to contribute to the infringement of the '611 patent by end-user customers by making and selling the TradeStation 9.5 Platform with the Chart Trading feature, which is especially made for use by end-user customers in a manner that infringes the '611 patent and has no substantial non-infringing uses. In particular, the feature that

permits end-user customers to place trades directly from a chart has no practical use other than uses that infringe the '611 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 12 of the '611 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user customers of the TradeStation 9.5 Platform for its intended purpose necessarily results in infringement of the '611 patent.

21. Defendants have had knowledge of the '611 patent and the fact that their customers' use of the Chart Trading feature infringes the '611 patent since at least as early as the filing of this lawsuit.

22. Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the '611 patent.

**COUNT III**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,190**

23. On September 26, 2006, U.S. Patent No. 7,113,190 ("the '190 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Systems and Methods for Providing an Interactive Graphical Representation of a Market for an Electronic Trading System." Ex. 2.

24. CTD is the owner of the '190 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '190 patent against infringers, and to collect damages for all relevant times.

25. Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or

systems (including for example, the TradeStation 9.5 Platform) that have infringed one or more claims of the '190 patent. Specifically, Defendants' accused products and/or systems have certain features, such as Chart Trading, that allow a user to execute trades directly from a graph containing a curve corresponding to a range of values of a financial instrument.

26. Defendants have directly infringed, and are continuing to directly infringe, at least claims 1 and 9 of the '190 patent.

## COUNT IV

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,190

27. Defendants have indirectly infringed the '190 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '190 patent consists of their end-user customers' use of the TradeStation 9.5 Platform.

28. Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '190 patent. Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trading feature and how to execute trades directly from a chart; and (2) touting and advertising these features to their customers.

29. Defendants have contributed to and are continuing to contribute to the infringement of the '190 patent by end-user customers by making and selling the TradeStation 9.5 Platform with the Chart Trading feature, which is especially made for use by end-user customers in a manner that infringes the '190 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades directly from a chart has no practical use other than uses that infringe the '190 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 9 of the '190 patent and is not a staple article of commerce

suitable for substantially non-infringing uses. The use of this feature by end-user customers of the TradeStation 9.5 Platform for its intended purpose necessarily results in infringement of the '190 patent.

30. Defendants have had knowledge of the '190 patent and the fact that their customers' use of the Chart Trading feature infringes the '190 patent since at least as early as the filing of this lawsuit.

31. Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the '190 patent.

## COUNT V

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,890,416

32. On February 15, 2011, U.S. Patent No. 7,890,416 ("the '416 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Systems and Methods for Providing a Trading Interface." Ex. 3.

33. CTD is the owner of the '416 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '416 patent against infringers, and to collect damages for all relevant times.

34. Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, the TradeStation 9.5 Platform) that have infringed one or more claims of the '416 patent. Specifically, Defendants' accused products and/or systems have certain features, such as Chart Trading, that allow a user to place trades using a first and second trading

interface, displaying bids and offers in the first trading interface and prices and sizes in the second trading interface, as specifically described and claimed in the '416 patent.

35. Defendants have directly infringed, and are continuing to directly infringe, at least claims 1 and 40 of the '416 patent.

## COUNT VI

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,890,416

36. Defendants have indirectly infringed the '416 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '416 patent consists of their end-user customers' use of the TradeStation 9.5 Platform.

37. Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '416 patent. Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trading feature; and (2) touting and advertising this feature to their customers.

38. Defendants have contributed to and are continuing to contribute to the infringement of the '416 patent by end-user customers by making and selling the TradeStation 9.5 Platform with the Chart Trading feature, which is especially made for use by end-user customers in a manner that infringes the '416 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades using a first and second interface with all of the features claimed in the '416 patent has no practical use other than uses that infringe the '416 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 40 of the '416 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user customers of the TradeStation 9.5 Platform for its intended purpose necessarily results in infringement of the '416 patent.

39. Defendants have had knowledge of the '416 patent and the fact that their customers' use of the Chart Trading feature infringes the '416 patent since at least as early as the filing of this lawsuit.

40. Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the '416 patent.

## COUNT VII

## WILLFUL INFRINGEMENT

41. At least as early as the filing of this lawsuit, Defendants' infringement of the '611, '190, and '416 patents is willful.

42. For the same reasons set forth above in paragraphs 21, 30, and 39, Defendants have knowledge of the '611, '190, and '416 patents and that their acts constitute infringement. Defendants are continuing to act in the face of an objectively high likelihood that their actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

CTD hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

CTD requests that the Court find in its favor and against Defendants and that the Court grant CTD the following relief:

a. Judgment that one or more claims of the '611, '190, and '416 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or all others acting in concert therewith;

    b.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '611, '190, and '416 patents;

    c.    Judgment that Defendants account for and pay to CTD all damages and costs incurred by CTD because of Defendants' infringing activities and other conduct complained of herein;

    d.    That CTD be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

    e.    That this Court declare this an exceptional case and award CTD its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

    f.    That CTD be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 3, 2015

Of Counsel:

James R. Barney (*pro hac vice pending*)
Robert Shaffer (*pro hac vice pending*)
Lauren J. Dreyer (*pro hac vice pending*)

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone: (202) 408-4000
Facsimile:  (202) 408-4400
james.barney@finnegan.com
robert.shaffer@finnegan.com
lauren.dreyer@finnegan.com

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay, Lead Attorney
State Bar No. 00789886
Email: efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Attorneys for Plaintiff*
*Chart Trading Development, LLC*